Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alfred Adams, | ) Case No. |
| | ) |
| Plaintiff, | ) **VERIFIED COMPLAINT AND** |
| | ) **TRIAL BY JURY DEMAND** |
| vs. | ) |
| | ) |
| Portfolio Recovery Associates, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## NATURE OF ACTION

1. This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff Alfred Adams ("Plaintiff") is a natural person who at all relevant times resided in the State of Arizona, County of Cochise, and City of Benson.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Portfolio Recovery Associates, LLC ("Defendant") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

9. Plaintiff's obligation, or alleged obligation, owed or due, or asserted to be owed or due, a creditor other than Defendant, arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes.

10. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

11. In connection with the collection of an alleged debt in default, Defendant began placing calls to Plaintiff's cellular telephone on or about February 1, 2012.

Complaint - 2

12. In connection with the collection of an alleged debt in default, Defendant placed a call to Plaintiff's cellular telephone on February 15, 2012 at 7:34 P.M., and at such time, Plaintiff demanded that Defendant cease and desist from placing any and all calls to Plaintiff's cellular telephone.

13. Despite Plaintiff's demand that Defendant cease and desist from placing any and all further calls to Plaintiff's cellular telephone, Defendant placed calls to Plaintiff's cellular telephone on the following dates and times:

- February 23, 2012 at 12:29 P.M.;
- February 27, 2012 at 7:20 P.M.;
- March 8, 2012 at 8:03 P.M.;
- March 29, 2012 at 9:04 A.M.; and
- April 4, 2012 at 4:01 P.M.

14. On April 4, 2012 at 4:01 P.M., Plaintiff again demanded that Defendant cease and desist from placing any and all further calls to Plaintiff's cellular telephone.

15. Additionally, during the telephone conversation on April 4, 2012 at 4:01 P.M., Defendant told Plaintiff that Plaintiff was a "low life", "what a scum [Plaintiff] was", and that "[Plaintiff] was a thief and worthless" for not paying the alleged debt.

16. During the April 4, 2012 conversation, Defendant used language the natural consequence of which was to harass Plaintiff.

17. Despite Plaintiff's April 4, 2012 demand that Defendant cease and desist from placing any and all further calls to Plaintiff's cellular telephone, Defendant placed calls to Plaintiff's cellular telephone on the following dates and times:

- April 16, 2012 at 8:03 A.M.;
- April 18, 2012 at 7:14 P.M.;
- May 2, 2012 at 2:44 P.M.;
- May 16, 2012 at 7:30 P.M.;
- May 24, 2012 at 1:46 P.M.; and
- June 1, 2012 at 1:34 P.M.

18. Defendant did not place any telephone calls to Plaintiff for emergency purposes.

19. Each and every telephone call Defendant placed to Plaintiff was in connection with the collection of a debt.

20. Defendant did not have Plaintiff's prior express consent to make any telephone calls to Plaintiff's cellular telephone number.

21. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above voluntarily.

22. Upon information and good-faith belief, Defendant placed the telephone calls to Plaintiff identified above under its own free will.

23. Defendant's actions constitute conduct highly offensive to a reasonable person, and as a result of Defendant's behavior Plaintiff suffered and continues to suffer

injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and/or emotional distress.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

24. Plaintiff repeats and re-alleges each and every allegation contained above.

25. Defendant violated 15 U.S.C. § 1692c(a)(1) by communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692c(a)(1);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692d

26. Plaintiff repeats and re-alleges each and every allegation contained above.

27. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692d;

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem just and proper.

**COUNT III**
**VIOLATION OF 15 U.S.C. § 1692e(10)**

28. Plaintiff repeats and re-alleges each and every allegation contained above.

29. Defendant violated 15 U.S.C. § 1692e(10) by using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Defendant violated 15 U.S.C. § 1692e(10);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)  Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)  Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)  Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)  Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Plaintiff is entitled to and hereby demands a trial by jury.

Respectfully submitted this 15th day of February, 2013.

> By: s/ Marshall Meyers
> Marshall Meyers (020584)
> WEISBERG & MEYERS, LLC
> 5025 North Central Ave., #602
> Phoenix, AZ 85012
> 602 445 9819
> 866 565 1327 facsimile
> mmeyers@AttorneysForConsumers.com
> Attorney for Plaintiff